IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-3170-JLK

BILL S. WOLFKIEL,

    Plaintiff,

v.

ADRIENNE KRUG,
NORMAN I. KRUS, and
HILDA SUGARMAN,

    Defendants.

_____

PRELIMINARY ORDER RE MOTION TO DISMISS AND FOR
RULE 16 SCHEDULING CONFERENCE
_____

KANE, J.

    At its heart, this is an action to rescind or unwind Plaintiff's purchase of a 100% interest in a life insurance policy Plaintiff now claims was procured by fraud. Plaintiff Bill W. Wolfkiel owns the interest in the policy after he was solicited by the insured and the insured's family members to purchase 100% of the limited liability company whose sole asset is the insurance policy. After discovering the insured, Defendant Norman I. Krug, may have failed to disclose medical conditions and other material facts that render the policy worthless, Wolfkiel filed suit, asserting claims for securities fraud under federal, Colorado, and California state securities statutes; common law claims for fraud and negligent misrepresentation; and a claim for rescission under California Civil Code § 1689.

    Defendants moved to dismiss. As California residents lacking sufficient contacts to Colorado to be constitutionally haled into court to defend Plaintiff's claims, Defendants ask that

the Complaint be dismissed for lack of personal jurisdiction or transferred to California. In the alternative, Defendants move to dismiss Plaintiff's securities fraud claims in Counts I, II, and III of the Complaint, arguing both that the life insurance policy interest Plaintiff purchased cannot plausibly be deemed a "security" under applicable state or federal securities laws and that Plaintiff's factual allegations are insufficient to give rise to a plausible inference of scienter.

     I find Plaintiff's allegations sufficient at this stage of the proceedings to confer personal jurisdiction over Defendants in Colorado and find Defendants' request to transfer venue to California premature. I am inclined to agree, however, that Plaintiff's 100% interest in an LLC whose sole asset is Defendant Krug's life insurance policy does not constitute a "security" for purposes of liability under Rule 10b-5 of the 1934 Securities Act or its Colorado counterpart. Whether such an interest constitutes a "security" under California law presents a closer question. Given that Plaintiff's alternative claims for common law fraud/negligence and for rescission would move forward in any event, I will set this matter for a Rule 16 scheduling conference and hear argument on Defendants' Motion to Dismiss at that time. The date for the scheduling conference will be set by separate Minute Order.

     Dated this 6th day of April, 2012, at Denver, Colorado.

                                              **s/John L. Kane**
                                              SENIOR U.S. DISTRICT JUDGE