IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-3170-JLK-KLM

BILL S. WOLFKIEL,

       Plaintiff,

v.

ADRIENNE KRUG,
NORMAN KRUG, and
HILDA SUGARMAN,

       Defendants.

_____

ORDER TRANSFERRING VENUE UNDER 28 U.S.C. § 1404(a)
_____

KANE, J.

       This fraud action is before on the Motion of Defendants Adrienne Krug, Norman Krug, and Hilda Sugarman to Transfer Venue from this Court to the Central District Court for the District of California under 28 U.S.C. § 1404 (a) (Doc. 15). The Motion is GRANTED because (1) the majority of the witnesses are in California, beyond the subpoena power of this court, and have no external incentive to appear there without process; (2) the nature of the case creates a particular need for oral testimony; and (3) Plaintiff's claims require the presiding court to apply California and federal law as much as Colorado law, such that questions of Colorado law do not predominate.

       Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." The section was enacted to allow for simple changes of venue within a unitary federal system. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F. 2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). To warrant transfer, the moving party must establish that: (1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum. *Wolf v. Gerhard Interiors*, Ltd., 399 F. Supp.2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler*, 928 F.2d at 1515).

It is within the discretion of the trial judge to make the determination of inconvenience. *Texas Eastern*, 579 F.2d at 567.  Analysis of inconvenience should include the following factors:

> [1] the plaintiff s choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses; and [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Chrysler*, 928 F. 2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). While a plaintiff's choice of forum is given substantial weight, it is not, by itself, determinative. *See Bailey v. Union Pacific R. Co.*, 364 F. Supp.2d 1227, 1230 (D. Colo. 2007).  However, unless the balance of inconvenience weighs strongly in favor of the movant, plaintiff's choice of forum should "rarely be disturbed." *Schmidt v. Klein*,

956 F.2d 963, 965 (10th Cir. 1992).

### Discussion.

In this case, Mr. Wolfkiel asserts that granting Defendants' motion for transfer would simply shift the burden and inconvenience from Defendants to himself. He emphasizes a plaintiff's right to choose his forum of suit and argues Defendants have failed to demonstrate that the Central District for the District of California would be substantially more convenient.

Defendants argue transfer would significantly reduce overall inconvenience and be in the interests of justice because: (1) the majority of witnesses listed in initial disclosures reside in California, (2) these non-party witnesses cannot be compelled to appear in Colorado but are integral to the case, (3) it is a long established principle that live testimony is more desirable than that produced through deposition, and (4) the majority of claims arise under or are governed by California law.  Defendants also argue that where, as here, the facts giving rise to suit have no material relation to the chosen forum, the weight given to the plaintiff's choice is reduced. I agree.

Mr. Wolfkiel concedes that a majority of witnesses reside outside the chosen forum and cannot be compelled by the court to appear, but relies heavily on the case of *Galvin v. McCarthy*, 545 F. Supp.2d 1176 (D. Colo. 2008)(Nottingham, J.) to argue transfer is inappropriate notwithstanding that fact.  In *Galvin*, transfer was denied even though the majority of witnesses resided in Texas and were outside the compulsory process of this Court.  *Id.* at  1182-83. Judge Nottingham reasoned that because the

3

majority of Texas witnesses in *Galvin* were the defendant's executives and employees, there were other incentives for their appearance in Colorado proceedings such that the lack of compulsory process did not weigh so heavily. *Id.* In addition, Judge Nottingham noted that the defendant solicited plaintiff's business by traveling to Colorado. Because the defendant had availed himself of the Colorado forum to establish the business relationship with plaintiff and because the majority of out-of-forum witnesses had external incentives to appear, neither justice nor convenience demanded a transfer of venue. *Id.* The facts here are clearly distinguishable.

In the present case, none of the non-party witnesses are "employees" of Defendants or "executives" in their LLC, which is simply a closely held, family entity and not an operational business at all. Indeed, the only witnesses who are identified as businesspeople in the *Galvin* sense are Mr. Wolfkiel and his business associate, Patrick Ingrassia.[1] Were this case transferred to California, it would be Messrs. Wolfkiel and Ingrassia who would have external incentives to appear notwithstanding a failure of compulsory process – Plaintiff, to pursue his claims, and Mr. Ingrassia, because of his involvement with the business. Defendants' witnesses lack such incentives, and *Galvin* does not help Mr. Wolfkiel preserve his choice of forum. With regard to Defendants' "solicitation" of Mr. Wolfkiel in Colorado, the record is vague, but not even Mr. Wolfkiel

---

[1] The relationship between the two men is described both on their website, http://ksgllc.com/our-company/ksg-team, and in a case brought against Mr. Ingrassia, *Coventry First, LLC v. Ingrassia*, Civ. Case No. 05-2802, 2005 WL 1625042 (E.D. Pa. July 11, 2005)).

asserts that Defendants traveled to Colorado to meet with or "solicit" Mr. Wolfkiel's purchase of an interest in the proceeds of Mr. Krug's life insurance policy. Ostensibly, the solicitation occurred remotely, further distinguishing *Galvin* from the case at bar.

The linchpin of the transfer question for me is the preference for live testimony in this case, which ultimately turns on the personalities and testimony of its principle players. Generally speaking, deposition or other recorded testimony is always "second-best" to hearing from witnesses in person. *See Garcia-Martinez v. City and County of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004). Here, much of what will come before the factfinder are the conflicting assertions of the parties with regard to the investment, their respective sophistication, and Mr. Krug's health and fraudulent intent. Integral to the resolution of such conflicts are judgments as to an individual witness's credibility. Such credibility determinations are easier to make, and likely to be better-reasoned, when the witness appears in person, where his demeanor and other intangibles can be readily assessed. It is undisputed in this case that live testimony of a majority of the identified non-party witnesses cannot be compelled in Colorado. This factor is entitled to considerable weight.

While both sides overstate the importance of its preferred forum's law to the resolution of Mr. Wolfkiel's claims, it is certainly true that Colorado law does not predominate over California law as Mr. Wolfkiel maintains. Mr. Wolfkiel asserts six causes of action: One federal and two state (one Colorado, one California) securities fraud claims; a claim under California Civil Code for rescission; and two common law claims

5

that would be analyzed under the law of the eventual forum.  In other words, only one of the six causes of action – the Colorado securities fraud claim – would have to be analyzed by a "foreign" judge if the case were transferred to California. By contrast, both Mr. Wolfkiel's California securities fraud claim and his claim for rescission would have to be analyzed under California law if venue remained in this Court.  Thus, Mr. Wolfkiel's concern that his Colorado claims will have to be adjudicated by a California judge are felt in reverse and magnified in degree if the forum remains Colorado. If Mr. Wolfkiel were so troubled at the prospect of a judge in one forum applying the law of another, it is curious that he included two California statutory claims in his Colorado Complaint.  As I have previously observed, one of those California claims, the claim for rescission, is the primary and essential form of relief sought by Mr. Wolfkiel in this case.

Finally, Defendants argue the weight to be given Mr. Wolfkiel's choice of forum should be decreased where the forum has no material relation or significant connection to the facts giving rise to the suit, citing *PLX Technology, Inc. v. Knuettel II*, 2010 WL 1813291, *2 (D. Colo. May 17, 2012) (Ebel, J.) (citing *Employers Mut. Cas. Co.*, 618 F.3d 1153, 1168 (10th Cir. 2010)). Defendants analogize the present facts to those in *Knuettel*, where the plaintiff's choice of the forum of Colorado was afforded less weight because the only connection to Colorado was plaintiff's residence and because the actions giving rise to suit occurred in Texas. Here, it is a contested issue of fact whether Defendants ever contacted Mr. Wolfkiel in Colorado to commence sale of the policy. The parties agree, however, that the medical care received by the insured, Mr. Krug, the

application for and original purchase of his life insurance policy, and the alleged scheme to defraud Plaintiff occurred in California, not Colorado. Under these circumstances, the facts relevant to the *Chrysler* analysis are akin to those in *Knuettel*, and Mr. Wolfkiel's choice of forum is entitled to less weight. Only his residence and a possible remote phone call link the suit to Colorado.

## Conclusion

If any case merits a transfer of venue pursuant to 28 U.S.C. § 1404 (a), it is this one. The strongest arguments in favor of maintaining Mr. Wolfkiel's chosen forum are the general principles that a plaintiff be able to choose his forum of suit and that venue only be transferred when the balance weighs strongly in favor of the change. Here, the balance does weigh strongly in favor of transfer. The majority of witnesses reside in California or outside Colorado and cannot be compelled by the Court to appear here. And while it is true that neither Mr. Wolfkiel nor Mr. Ingrassia could be compelled by process to testify in California, each has clear external incentives to do so. The nature of Mr. Wolfkiel's claims makes live testimony of particular importance, and California, not Colorado, law forms a predominant basis for Plaintiff's claims. Because the majority of actions giving rise to suit, including the allegedly fraudulent representations regarding Mr. Krug's health used to get the insurance policy in the first instance, occurred in California, not Colorado, California is the most appropriate forum for Mr. Wolfkiel's claims. Defendants' Motion to Transfer Venue (Doc. 15) is GRANTED.

Dated this 7th day of August, 2012, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE